UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUZANNE MALLOUK, ALFREDO RODRIGUEZ PEREZ, ARJUN DHAWAN, and WILLIAM NOVOLT,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and STARBUCKS CORPORATION,<br><br>Defendants. | Case No. C23-852-RSM<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte* on a review of Plaintiffs Suzanne Mallouk, Alfredo Rodriguez Perez, Arjun Dhawan, and William Novolt ("Plaintiffs")'s Amended Complaint, Dkt. #42.

Under 28 U.S.C. § 1404, the Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS, 2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state."  *Jones*, 211 F.3d at 498-99.

Under 28 U.S.C. § 1391(b), venue is generally proper in a judicial district where any defendant resides (if all defendants are residents of the state where the district is located), or in a district where a substantial part of the events giving rise to the claim occurred.  28 U.S.C. § 1391(b)(1)-(2).  Plaintiffs correctly assert that both Defendants reside in Washington.  Dkt. #42 at ¶ 29.  However, Plaintiffs also assert that "a substantial portion of the events that gave rise to this action occurred" in Washington as well.  *Id*.  Upon reviewing the record, however, the Court is unconvinced that the events giving rise to this action did not all occur in the state of New York.  *See gen*. Dkt. #42.  All Plaintiffs reside in New York, and the current action involves Plaintiffs shopping at Amazon Go and Starbucks locations within New York.  *Id*.  Furthermore, Plaintiffs' cause of action is pursuant to only New York law, N.Y.C. Admin. Code § 22-1202(a) and (b).  *Id*. at ¶¶ 225-239.  Looking to the nine-factor balancing test under Jones, the majority of factors

are in favor of venue in New York over any involvement in Washington. Plaintiffs entered Defendants' storefronts using the questioned technology in New York, and New York is certainly more familiar with and has more interest in New York Law. While Plaintiffs did choose this court and Defendants reside here, no other connections to the cause of action are in Washington. Considering factors 6 through 8, New York would be the more convenient forum, as all Plaintiffs, witnesses, locations involved, and evidence are in New York. Considering public policy, New York certainly has the greater interest, as the law Plaintiffs bring their cause of action under was created by New York to protect New York residents, visitors, and consumers. Furthermore, as Defendants point out, Plaintiffs previously filed these claims in the Southern District of New York, then voluntarily dismissed the cases there to file in this Court in what Defendants describe as "an obvious example of forum shopping[.]" *See* Dkts. #45 at 2, #47 at ¶¶ 29-31. Based on the record before it, the Court believes that it would be most convenient to all parties involved and any potential witnesses for this case to proceed in New York.

In Response to this Order, Plaintiffs must write a short statement telling the Court why this case should not be transferred to New York under 28 U.S.C. § 1406(a). This Response may not exceed six (6) double-spaced pages. Attachments or amended pleadings are not permitted. The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above no later than thirty (30) days from the date of this Order. Failure to file this Response will result in case transferal or dismissal.

DATED this 9th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3