Hon. Ricardo S. Martinez

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| SUZANNE MALLOUK, ALFREDO RODRIGUEZ PEREZ, and ARJUN DHAWAN,<br><br>      Plaintiffs,<br><br>v.<br><br>AMAZON.COM INC. and STARBUCKS CORPORATION,<br><br>      Defendants. | No. 2:23-cv-00852<br><br>ORDER GRANTING JOINT STIPULATION AND ORDER EXTENDING DEADLINES IN SCHEDULING ORDER AND DENYING MOTION TO FILE RESPONSE UNDER SEAL |

Having reviewed the parties' Stipulated Motion to Extend Deadlines, Dkt. #57, the Court finds good cause to extend the deadlines. The Court GRANTS a two-month extension of all dates in the previously issued scheduling order. The deadlines are reset as follows:

| | |
|---|---|
| **Close of Phase 1 Discovery** | August 12, 2024 |
| **Phase 1 Expert Disclosures** | August 12, 2024 |
| **Rebuttal Disclosures** | September 12, 2024 |
| **Deadline to Conduct Phase 1 Expert Depositions** | October 12, 2024 |
| **Deadline to file Phase 1 Motions for Summary Judgment** | November 22, 2024 |
| **Deadline to file Oppositions to Motions for Phase 1 Summary Judgment** | January 17, 2025 |
| **Deadline to file Replies to Motions for Phase 1 Summary Judgment** | February 14, 2025 |

ORDER RE: STIPULATED SCHEDULING ORDER AND MOTION TO FILE UNDER SEAL - 1

| **Start of Phase 2 Discovery** | Within 14 days of Court's order on Phase 1 Summary Judgment Motions |
|---|---|

The Court also notes Plaintiffs have sufficiently shown cause for venue to remain with this Court. However, the Court shall deny Plaintiffs' "Unopposed Sealed Motion to File Under Seal Plaintiff's Unredacted Response to Order to Show Cause," Dkt. #60.

"There is a strong presumption of public access to the court's files." Local Rule 5(g). The Court's Local Rules explicitly instruct the parties to present legal and evidentiary support in a motion to seal. Normally, that motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rule 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart 3(B) above. Instead, the party who designated the document confidential must satisfy subpart 3(B) in its response to the motion or in a stipulated motion.

Local Rule 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted).

Plaintiffs move to file their response to this Court's Order to Show Cause, Dkt. #58, under seal. Plaintiffs state that "Defendants contend that certain references in Plaintiffs' Response (to this Court's Order to Show Cause) are based on "confidential" or "extremely sensitive" materials that Defendants provided to the Plaintiffs." Dkt. #60 at 1. "Without conceding the merits of Defendants' designations," Plaintiff filed the instant Motion to comply with the Court's Local Rule 5(g)(3). *Id*.

Defendant has not filed a brief in support of this Motion but does not oppose it. The only explanation for keeping this exhibit under seal is provided second-hand by Plaintiffs: "Plaintiffs' Response references certain materials and information Defendants Amazon.com Inc. ("Amazon") and Starbucks Corporation ("Starbucks") contend are confidential, or extremely sensitive, under the parties' protective order (ECF No. 56)." *Id*. "Here, Defendants contend that certain references in Plaintiffs' Response . . . are based on 'confidential' or 'extremely sensitive' materials that Defendants provided to the Plaintiffs. *Id*.

The Court has examined Plaintiffs' unredacted Response, Dkts. #59 and #60. The parties might have discussed potential confidential or sensitive information in their meetings, but there appears to be no such information in Plaintiffs' Response to this Court's Order to Show Cause. This is a public court, and the information and witnesses mentioned in Plaintiffs' Response will, presumably, all be made public knowledge as this case proceeds in this Court. Simply stating that information is confidential or sensitive, even with a protective order, does not make it so. The parties have failed to present good cause to keep these exhibits under seal.

Accordingly, the Court notes that Plaintiffs have shown sufficient cause for this case to remain with this Court. However, the Court hereby FINDS and ORDERS that Plaintiffs' Motion, Dkt. #60, is DENIED. The Court DIRECTS the Clerk to immediately unseal Dkts. #59 and #60. The parties Stipulated Motion to Extend Deadlines, Dkt. #57, is GRANTED.

DATED this 3rd day of May, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE