UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUZANNE MALLOUK, ALFREDO RODRIGUEZ PEREZ, ARJUN DHAWAN, and WILLIAM NOVOLT,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and STARBUCK CORPORATION,<br><br>Defendants. | Case No. C23-852-RSM<br><br>ORDER GRANTING MOTION TO STAY |

This matter comes before the Court on Plaintiffs' Motion to Stay, Dkt. #70. On July 23, 2024, this Court dismissed in part Plaintiffs' claims, including putative class members' claims based on a statute requiring pre-suit notice to Defendants. *See* Dkt. #66 at 8-9. Soon afterward, Plaintiffs petitioned the Ninth Circuit for permission to appeal this dismissal. Dkt. #68. Plaintiffs also filed a "Motion for a Final Judgment Under Rule 54(b) and for Certification Under 28 U.S.C. § 1292(b). Dkt. #69. Plaintiffs now ask the Court to stay the proceedings in this matter until one week after the Ninth Circuit's resolution of Plaintiffs' petition or this Court's order on Plaintiff's Rule 54(b) and § 1292(b) motion, whichever is later. Dkt. #70 at 9. Defendants oppose Plaintiffs' Motion, arguing that Plaintiffs fail to demonstrate a stay is warranted, and have

ORDER GRANTING MOTION TO STAY - 1

requested oral argument. Dkt. #72. The Court has determined it can rule on the Motion without the need for oral argument. For the reasons stated below, the Court GRANTS Plaintiffs' Motion to Stay.

"Rule 23(f) petitions do not automatically stay district court proceedings—only the district court can grant a stay . . . and it has discretion whether or not to do so." *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1180 (9th Cir. 2017) (reversed and remanded on other grounds). When a stay is proposed, district courts must weigh the competing interests affected by the grant or refusal of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The competing interests considered in this analysis include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. Additionally, if there is "even a fair possibility" that a stay will "work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936).

A stay of the proceedings is warranted. The Court is convinced that while the scope and strategy of Plaintiffs' case may be affected by resolution of their 23(f) petition, Defendants will not be harmed if the Court grants a stay. Although Defendants may have to wait to file dispositive motions, such as Amazon's "assertions in expert discovery and summary judgment briefing to remove any lingering uncertainty about its [Just Walk Out] technology" collecting biometric identifying information, Defendants will not incur additional litigation costs pending resolution of Plaintiffs' petition or otherwise be harmed. Dkt. #72 at 5. On the other hand, requiring Plaintiffs to move forward has potential to drastically effect both parties' efforts and costs, as

ORDER GRANTING MOTION TO STAY - 2

moving forward now limits seeking and using discovery material specific to the named, individual Plaintiffs. The Court is convinced that a stay promotes the "orderly course of justice" and judicial efficiency, as the parties will not have to engage in discovery efforts which may later have to be recalibrated, nor will the Court and the parties have to duplicate their efforts if the Ninth Circuit allows Plaintiffs to proceed as a class.

Furthermore, because the Court grants Plaintiffs' Motion to Stay, the Court shall strike Plaintiffs' Motion for Protective Order, Dkt. #71, and Plaintiff's Request for a status conference, Dkt. #77, as moot.

Having considered Plaintiffs' Motion, the relevant briefings, and the remainder of the record, the Court hereby FINDS and ORDERS:

(1) Plaintiffs' Motion to Stay, Dkt. #70, is GRANTED.

(2) Plaintiffs' Motion for Protective Order, Dkt. #71, is STRICKEN as moot.

(3) Plaintiff's Request for a Status Conference, Dkt. #77, is STRICKEN as moot.

(4) Proceedings shall be stayed until one (1) week after the Ninth Circuit's resolution of Plaintiffs' petition or this Court's order on Plaintiff's Rule 54(b) and § 1292(b) motion, whichever is later.

(5) Plaintiffs must promptly notify the Court if their Rule 23(f) petition is granted or denied.

DATED this 18th day of September, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO STAY - 3